UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHN BASS LINDSAY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-07-68 |
| § | |
| CITY OF BEEVILLE, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On this day came on to be considered Plaintiff's motion for reconsideration of the Court's order granting Defendants' motion for summary judgment with respect to Plaintiff's Fourth Amendment §1983 claims.[1] (D.E. 61.) For the reasons discussed below, Plaintiff's motion for reconsideration is hereby DENIED.

### I.     Jurisdiction

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff brings suit pursuant to 42 U.S.C. §1983.

### II.    Factual and Procedural Background

On February 11, 2005, Plaintiff was arrested in the City of Beeville for "forgery for attempting to pass counterfeit bills."  (D.E. 49, ¶¶ 15-16; D.E. 54, ¶¶ 15-16.)  On February 9, 2007, Plaintiff filed a lawsuit with this Court, pursuant to 42 U.S.C. §1983, alleging that his Fourth and Eighth Amendment rights were violated during the course of his arrest. (D.E. 1; D.E. 47.)  Specifically, Plaintiff alleged that Defendants did not have probable cause to arrest him,

---

[1]     Because Plaintiff filed his motion for reconsideration within ten days of the entry of the Court's summary judgment order, the Court will treat it as a motion to alter or amend the judgment pursuant to Rule 59(e). "Courts in the Fifth Circuit treat … motions to reconsider either as motions to alter or amend under Rule 59 or as motions for relief from judgment under Rule 60.  If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e) …"  SB Int'l, Inc. v. Jindal, C.A. No. 3:06-CV-1174-G ECF, 2007 U.S. Dist. LEXIS 62581, *3 (N.D. Tex. Aug. 23, 2007) (internal citations omitted).

search his person and vehicle, or seize his property. (D.E. 47, ¶¶ 18-19.) He further alleged that his bail amount was excessive. (D.E. 47, ¶ 20.)

On January 17, 2008, the Court entered an order granting and part and denying in part Defendants' motion for summary judgment. (D.E. 56.) Specifically, the Court granted summary judgment with respect to Plaintiff's Fourth Amendment §1983 claims, and denied summary judgment with respect to Plaintiff's Eighth Amendment §1983 claims. (Id.) In granting summary judgment on Plaintiff's Fourth Amendment §1983 claims, the court determined that no constitutional violation had occurred. (Id. at 9-11.) Specifically, the court found that Defendants had probable cause to arrest Plaintiff based on the results of two separate counterfeit detection pen tests indicating that Plaintiff's bills were "suspect," *i.e.*, that they might be counterfeit. (Id.)

On January 23, 2008, Plaintiff filed the present motion for reconsideration of the Court's summary judgment order. (D.E. 61.) In his motion, Plaintiff argues that the fact of the second counterfeit detection pen test performed by Johnnie Sachtleben, a teller at the State Bank and Trust of Beeville, is *disputed*, and, thus, not appropriate for consideration on summary judgment. (Id.) Plaintiff highlights evidence, included in his response to Defendants' motion for summary judgment, that he argues demonstrates the disputed nature of this fact:

(1) "Witness Sachtleben did not examine any of the money that Scott and Hinds alleged to be counterfeit." (D.E. 54, ¶ 13 (citing Ex. 24 (Sauceda Dep.) at 7:12-8:7; Ex. 25 (Vasquez Dep.) at 5:12-5:24).)

(2) Deposition of Martha Sauceda, head teller at the State Bank and Trust of Beeville (D.E. 54, Ex. 24 at 8:1-7):

    Q. Okay. So, just to be clear, you did not – you did not take the money at issue from Johnnie Sachtleben during her examination of the money?

    A. As far as I know, she didn't examine nothing.

    Q. Okay.

      A.    She wasn't even in the picture.  I don't know how that …

(3)    Deposition of Orlando Vasquez, Senior Vice President of the State Bank and Trust in Beeville (D.E. 54, Ex. 25 at 5:12-24):

      Q.    Did Ms. Sachtleben review the bills before you reviewed the bills?

      A.    No.

      A.    Not that I'm aware of.

      Q.    You said that you weren't aware of it.  Is your position – or was your position in the old building such that you would have seen it –

      A.    Yes.

      Q.    – had it occurred?

      A.    Yes.

## III.  Discussion

### a.  Plaintiff's Motion for Reconsideration.

"'A Rule 59(e) motion calls into question the correctness of a judgment.'"  Molina v. Equistar Chems. LP, No. 06-41574, 2008 U.S. App. LEXIS 462, *8 (5th Cir. 2008) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (internal quotations omitted)).  "We have noted that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"  Molina, 2008 U.S. App. LEXIS 462 at *8 (quoting Templet, 367 F.3d at 479).  "Such a motion may not be used simply 'for rehashing evidence, legal theories, or arguments' that could have been offered before judgment was entered."  Id.; see also Swanson v. Perez, No. 05-10445, 2007 U.S. App. LEXIS 19382, *2 (5th Cir. Aug. 15, 2007) (per curiam) (unpublished) (stating that "[s]uch motions cannot be used to invoke arguments which were available prior to judgment and should have been made before the judgment issued and cannot be used to raise a new legal theory of the case").  "Rather, this type of motion 'serves

the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Molina, 2008 U.S. App. LEXIS 462 at *8 (quoting Templet, 367 F.3d at 479). "Thus, a Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' that was not available before the judgment issued." Molina, 2008 U.S. App. LEXIS 462 at *8 (quoting Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted)).

Plaintiff cites no relevant law in his motion. (D.E. 61.) It appears, however, that his intent is to argue that the Court's "manifest error of fact" provides the requisite basis for reconsideration. (D.E. 61.) Specifically, he asserts that, contrary to statements made in the Court's order, he *does* dispute that Sachtleben tested his suspect $100 bills with a counterfeit detection pen. (Id.) He seems to suggest this dispute creates the "genuine issue of material fact" necessary to defeat summary judgment. (Id.)

The Court agrees that Plaintiff has demonstrated that there exists an issue of fact, albeit thin, with respect to whether or not Sachtleben tested Plaintiff's bills. See Armour v. Knowles, No. 06-20934, 2007 U.S. App. LEXIS 29754, *15 n.16 (5th Cir. Dec. 21, 2007) ("credibility determinations at summary judgment are resolved in favor of the non-moving party"). The Court finds, however, that this issue of fact does not affect the Court's determination on summary judgment.

    **b.**    **Defendant's Motion for Summary Judgment.**

"Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing, an offense." United States v. Castro, 166 F.3d 728, 733 (5th Cir. 1999) (emphasis added) (citing United States v. Shugart,

117 F.3d 838, 846 (5th Cir. 1997)).  "The probable cause must be analyzed under the totality of the circumstances to determine whether there is a fair probability that a crime occurred."  United States v. Isaacs, No. 05-10188, 2006 U.S. App. LEXIS 6764, *3 (5th Cir. Mar. 13, 2006) (citing United States v. Garcia, 179 F.3d 265, 269 (5th Cir. 1999)).  "A '"fair probability" is something more than a bare suspicion, but [it] need not reach the fifty percent mark.'"  Id.

The Court finds that, even in the absence of Sachtleben's counterfeit detection pen test, Defendants had probable cause to arrest Plaintiff for "forgery for attempting to pass counterfeit bills."  It is undisputed that Plaintiff's bills were tested at least once, by an employee at the Pantry North convenience store in Beeville, and deemed "suspect." (D.E. 54, ¶ 7; D.E. 47, ¶ 9.) Furthermore, regardless of whether or not Sachtleben tested the bills, it is undisputed that *none* of the bank employees questioned were able to *authenticate* the bills.  (D.E. 54, ¶ 14, Ex. 24 (Sauceda Dep.) at 11:6-17) ("Q.  And to be clear, you did not tell Mr. Vasquez that the money was counterfeit?  A.  No.  I didn't say anything.  I could not tell."), Ex. 25 (Vasquez Dep.) at 8:9-23 (Q.  Okay.  What opinion did you tell [Defendant] Scott on those – on the money that you tested for him?  A.  That we couldn't determined whether they were counterfeit or not.").)  These "facts and circumstances" are sufficient for a reasonable person to conclude that Plaintiff was attempting to pass counterfeit currency.  Castro, 166 F.3d at 733.

**IV.   Conclusion**

Based on the foregoing, Plaintiff's motion for reconsideration is hereby DENIED.

SIGNED and ORDERED this 29th day of January, 2008.

_____
Janis Graham Jack
United States District Judge