UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN BASS LINDSAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-07-68 |
| | § | |
| CITY OF BEEVILLE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion for Reconsideration (D.E. 78) and Plaintiff's Record Redaction Request (D.E. 79). For the reasons discussed below, Plaintiff's motions are hereby DENIED.

On October 29, 2008, Plaintiff filed a record redaction request, seeking to redact certain "personal identifiers" from the record. (D.E. 76.) On October 31, 2008, the Court struck Plaintiff's motion stating, "The Court STRIKES this document, because this information should have been redacted <u>prior to</u> filing the documents with the Court." (D.E. 77.) On December 8, 2008, Plaintiff filed a motion for reconsideration of the Court's order and a second record redaction request regarding the same personal identifiers.[1] (D.E. 78, 79.) Plaintiff argues in his

---

[1] "'[A] motion [for reconsideration], provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" Rogers v. KBR Tech. Servs., No. 08-20036, 2008 U.S. App. LEXIS 12320, at *13 (5th Cir. June 9, 2008) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)). Because Plaintiff's motion was not served within ten days of the rendition of the judgment, the Court will treat it as a motion for relief from judgment under Rule 60(b).

motion that the documents he seeks to redact "were finalized before FRCP 5.2 was formalized and gained widespread adoption by the Courts." [2] (D.E. 78 at 2.)

Plaintiff's motion for reconsideration does not specify the rule under which he seeks relief. The only rule that pertains to Plaintiff's arguments, however, is Rule 60(b)(6), which states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief."

The Court finds that the relief requested in not justified in this case. First, it is not at all clear from Plaintiff's filings where on the docket sheet the offending personal identifiers appear. Plaintiff states that the personal identifiers are contained in "Defendants' Motion for Summary Judgment [D.E. 49], Plaintiff's Response to Motion for Summary Judgment [D.E. 51], and the Plaintiff's Amended Response to the Motion for Summary Judgment [D.E. 54]." (D.E. 78 at 2.) His record redaction request, however, seeks to redact information listed on pages 221 through 505 of an unidentified document, and none of the aforementioned documents exceed 119 pages. (D.E. 79.) Even if the Court were inclined to grant the relief requested, it would have no way of determining, absent a review of the entire docket sheet, where Plaintiff's personal information appears. Second, two of the documents Plaintiff cites as listing his personal information, "Plaintiff's Response to Motion for Summary Judgment [D.E. 51], and the Plaintiff's Amended Response to the Motion for Summary Judgment [D.E. 54]," (D.E. 78 at 2), were filed by the Plaintiff himself. Rule 5.2 explicitly states that "[a] person waives the protection of Rule 5.2(a)

---

[2] Rule 5.2(a), which became effective on December 1, 2007, states: "Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."

as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2 (h).

    SIGNED and ORDERED this 12th day of January, 2009.

                                              Janis Graham Jack
                                              United States District Judge